DOUGLASS RHODUS et al. *v.* JNO. OGG.

**Liens — Statutory Provisions.**

The allegations of a petition, which are verified by oath and which are sufficient to authorize an attachment, creates a lien by statute from the time of the arrest of a defendant for robbery of the effects of appellant, and he could prosecute a civil action to enforce the lien.

**Evidence — Criminal Law.**

In a criminal action, conversations between the plaintiff and a witness of defendant, which was brought out at the trial by defendant, is competent evidence.

**Chancery Sales — Power to Set Aside Sales.**

Generally, sales made by the chancellor should be confirmed before any order of possession to the purchaser is made, yet if possession should be given, this will not deprive the court of the power to set aside the sale, for any sufficient cause, on the motion of either party, in which case the purchaser would be liable for rents should the purchase be rejected.

APPEAL FROM MADISON CIRCUIT COURT.

June 29, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The evidence clearly indicates Abner and Douglass Rhodus as the two men who perpetrated the robbery of Ogg's money and pistol.

The conversation of Ogg with the witness Wilkerson was drawn out by defendants and was competent evidence and in it Ogg stated the amount of which he was robbed, and this statement is confirmed by other evidence.

The allegations of the petition verified by oath were sufficient to authorize an attachment and the evidence justified the court in sustaining it.

The dismissal of Mrs. Mary A. Broadus' cross-suit was correct.

Appellee had a lien by statute from the arrest of the accused under the charge of robbery and could prosecute a civil action to enforce it.

The judgment is for dollars; there is neither allegation nor proof to show that the treasury notes, Kentucky Bank paper, and gold

còin taken was not worth as much as the judgment directs, and as the plaintiff went for a recovery of that many dollars in his petition, we cannot judicially know he was not entitled to a recovery for that amount; besides there is nothing in this case to commend the defendants to any more discretion of the court.

As it was most apparent in the consolidated causes that the property of the defendants would be largely insufficient to pay the claims, and considering the circumstances developed in the causes, we cannot determine that the sale and delivery of the land to the purchaser, before the confirmation of the sale, was erroneous; generally, sales made by the chancellor should be confirmed before any order of possession to the purchaser is made, yet if possession should be given this would not deprive the court of the power to set aside the sale, for any sufficient cause, on the motion of either party, in which case the purchaser would be liable for rents should the purchase be rejected.

There are many cases that will justify the chancellor in taking immediate possession of both personal and real estate and selling, or renting it, until sold, and had such a motion been made and sustained by affidavits such would have been justified in this case. We perceive no reversible error in this judgment. Wherefore, it is affirmed.

*Turner,* for Appellants.

*Bowman,* for Appellee.